**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2009
Decided November 10, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-3819

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 05-cr-30028-001 |
| | |
| DOSSIE SANDERS, | Jeanne E. Scott, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Dossie Sanders pleaded guilty to various drug-trafficking and firearms charges, *see* 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 922(g)(1), 924(c)(1), but reserved the right to appeal the district court's denial of his three motions to suppress evidence. The district court sentenced him to ninety-eight months' imprisonment. Sanders filed a notice of appeal, but his appointed counsel now seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because she cannot identify any nonfrivolous ground for appeal. We confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002), and Sanders' submission in response, *see* CIR. R. 51(b). We grant counsel's motion and dismiss Sanders' appeal.

Sanders went to the Birds 'n Brooks Army Navy Surplus store in Springfield, Illinois, and tried to buy ammunition for a Sig Sauer P229 firearm marked "restricted law

enforcement use only." He requested the wrong type of ammunition and could not produce the Firearm Owner's Identification ("FOID") card that Illinois requires for a person to possess a firearm or purchase ammunition, although his wife offered hers. Two employees provided police with his description and license-plate number. Eventually the officers located Sanders at his home and arrested him there. They summoned the store employees to the scene to perform a "showup" identification. The employees identified Sanders, who was in handcuffs at the time.

The officers then applied for a warrant to search Sanders' house. The warrant that issued did not mention the Sig Sauer P229 described in the application but instead authorized the seizure of "any and all firearms." The officers who executed the warrant discovered a safe inside Sanders' bedroom that contained the Sig Sauer P229, three other firearms, fourteen baggies containing a total of 179.6 grams of powder cocaine, nine baggies containing a total of 25.5 grams of cocaine base, 20 grams of marijuana, firearm accessories, and $5,380 in cash. The officers also seized a firearm, ammunition, and $4,465 in cash from the top of a bedroom dresser and another firearm and more ammunition from a bedroom bookshelf. From the kitchen, the officers seized a digital scale, weights, and a bottle of inositol powder.

Sanders then filed three motions to suppress evidence, but the district court denied each one. Sanders pleaded guilty but reserved the right to appeal the district court's denial of those three motions.

At the outset, we note that Sanders does not wish to withdraw his guilty plea, so counsel properly refrains from examining the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). We also agree with counsel that it is not necessary to examine the reasonableness of Sanders' sentence, as his plea agreement does not permit him to appeal that issue.

Counsel first considers challenging whether Sanders' warrantless arrest was supported by probable cause. In the district court, Sanders had argued that the officers lacked sufficient information to believe he had committed a crime. But the district court disagreed, finding that the officers' investigation had produced "an abundance" of supporting evidence to arrest Sanders for possession of a stolen firearm, possession of a firearm without a valid FOID card, and being a felon in possession of a firearm. Counsel is correct that pursuing this issue would be frivolous. Given the facts known to the officers when they arrested Sanders, they could reasonably have believed he had committed several crimes. *See Shipman v. Hamilton*, 520 F.3d 775, 778 (7th Cir. 2008).

Counsel next considers a due-process challenge to the showup identification. In the district court, Sanders had argued that his showup identification was unduly suggestive and unreliable. The district court acknowledged that the showup identification was suggestive but disagreed that the store employees' identification was unreliable, finding that their opportunity to observe Sanders in the store with a heightened degree of attention ensured the reliability necessary to satisfy due process. As counsel properly notes, testimony concerning even an unduly suggestive showup identification is constitutionally permissible if the identification is nevertheless reliable. *United States v. Hawkins*, 499 F.3d 703, 707 (2007). And the district court's factual findings strongly support the conclusion that the store employees' identification was indeed reliable. We agree that pursuing this issue would be frivolous.

Finally, counsel considers mounting a challenge to the particularity of the search warrant. In the district court, Sanders had argued that the warrant was not sufficiently particularized because its broad authorization to seize "any and all firearms" sanctioned a unrestrained rummaging through the Sanders' house and permitted seizure of firearms legally possessed by Sanders' wife. But the district court rejected that argument too, reasoning that Sanders—as a felon—was prohibited from owning any firearms at all and that there was reason to believe Sanders might have other prohibited guns at his house. We agree with counsel that pursuing this issue would be frivolous. If a felon is forbidden to possess *any* firearms, then a warrant authorizing seizure of any and all firearms from his house is not vague or overbroad; it tells the executing officers precisely what to search for. *United States v. Campbell*, 256 F.3d 381, 389 (6th Cir. 2001). And in any event, Sanders "would have been no better off" had the warrant been as particularized as he contends, for even then the officers would have executed precisely the same search and uncovered precisely the same evidence. *See United States v. Sims*, 553 F.3d 580, 584 (7th Cir. 2009).

We GRANT the motion to withdraw and DISMISS the appeal.